IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILLIP E. LAYER, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 22-1207 |
| | § | |
| ARTESIAN CUSTOM POOLS, INC, | § | |
| Defendant. | § | |

## PLAINTIFF PHIL LAYER'S ORIGINAL COMPLAINT AND JURY DEMAND

This is an action for disability discrimination in employment under Title I of the Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act (ADAAA) as well as for unpaid overtime under the Fair Labor Standards Act (FLSA).

### Parties

1. Plaintiff Phil Layer is a natural person and a citizen and resident of the State of Texas. He may be served with papers in this case through the undersigned counsel.

2. Defendant Artesian Custom Pools, Inc. is a limited partnership organized under the laws of the State of Texas. It maintains its principal place of business at 8008 West Avenue, Suite 2, San Antonio, Texas 78213. It may be served with process through its registered agent, Brett Corrigan, at 8415 Indian Creek, San Antonio, Texas 78230.

### Jurisdiction and Venue

3. The Court possessed subject matter jurisdiction over this case because Plaintiff's claims are brought under a federal statute, the Americans with Disabilities Act and the ADA Amendments Act. The Court possesses personal jurisdiction over Defendant because Defendant

constantly conducts business in Texas and maintains offices in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the San Antonio Division.

## Factual Background

4. Plaintiff commenced employment with Defendant Artesian Custom Pools, Inc. on or about October of 2021. Plaintiff was a Tile Setter and was making $20.00 an hour.

5. Plaintiff suffered from drug addiction (heroin) for about 15 years. About eight years ago, Plaintiff began methadone treatment for his addiction and has been sober for more than five years. Plaintiff remains on a methadone treatment program. Plaintiff's prescribed use of methadone does not impair his ability to safely work. Nor does it in any way impede his performance at work.

6. On or about December 13, 2021, Plaintiff was working with Josh, a pool technician. Josh was telling him about his mother-in-law, who was in a methadone program. Plaintiff told Josh that he thinks methadone treatment is a great program, and it helps recovering addicts get their lives together. Plaintiff disclosed to Josh that he is on the methadone treatment.

7. Shortly after Plaintiff's conversation with Josh, his supervisor Leo called him. Leo said, "You are on dope! You did not tell me you were on this dope. You should have told me!" Plaintiff informed Leo that he was currently on a methadone treatment program but he was not doing any drugs. Plaintiff further stated that he was not obligated to disclose that information. Plaintiff advised that he is willing to take a drug screening, and Leo ended the call.

8. Defendant closed business for the week of Christmas. On or about the last week of December 2021, on the first day back to work, Plaintiff was pulled into the office by Leo. Leo informed Plaintiff that he was being let go because the company was downsizing. Plaintiff told

Leo he did not believe that was true because a couple of days ago, Leo asked if he knew anyone that was looking for work.

9. The following day, Plaintiff saw Leo's son, Anthony, who is a Plumber for Defendant. Anthony apologized to Plaintiff for his father's actions and stated he did not agree with him. Anthony explained that he told his father Plaintiff was on treatment to better himself, and that methadone was not an illegal drug.

10. Throughout his employment, Plaintiff worked substantial amounts of overtime—*i.e.*, hours in excess of forty each workweek. However, Defendant failed to pay Plaintiff for all hours worked, including overtime hours.

### First Cause of Action: Disability Discrimination in Violation of the Americans with Disabilities Act (as amended by the ADA Amendments Act)

11. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 9 supra.

12. Defendant is an employer within the meaning of the ADA in that in each year relevant to this lawsuit, it has employed more than 15 employees in 20 or more calendar weeks. Likewise, Plaintiff was an employee of Defendant within the meaning of the ADA.

13. Plaintiff is a recovered heroin addict. He has now been sober for more than five years. Plaintiff, however, remains in a methadone treatment program to assist him in preventing a relapse. While he was addicted to heroin, Plaintiff was substantially limited in multiple major life activities, including sleeping, eating, concentrating, caring for himself, and the major life activity of brain function.

14. At all times relevant to this lawsuit, Plaintiff has been a qualified individual, fully capable of performing his job with Defendant. Indeed, Plaintiff is an accomplished tile setter and mason who does high quality work. Plaintiff was never written up or reprimanded while employed

by Defendant. While employed, Defendant's management was made aware that Plaintiff is in a methadone treatment program, and that Plaintiff is prescribed the methadone through a licensed treatment program. Shortly thereafter, Defendant's management terminated him from employment.

15. Defendant's stated reason for discharging Plaintiff—"downsizing"—was a pretext for unlawful discrimination based on Plaintiff's record of a disability and/or because Defendant regarded Plaintiff as disabled.

16. As a result of Defendant's illegal discrimination and termination, based on Plaintiff's record of a disability and/or based on Defendant regarding Plaintiff as disabled, Plaintiff has suffered, and will likely continue to suffer in the future, lost wages and benefits. Additionally, Defendant's illegal discrimination against Plaintiff has caused Plaintiff emotional distress, mental anguish, humiliation, embarrassment, damage to reputation, and loss of enjoyment of life. Plaintiff also sues to recover damages for these injuries.

17. Moreover, because Defendant acted with malice, or with reckless indifference when terminating Plaintiff, Plaintiff is entitled to an award of punitive damages. Moreover, because Plaintiff has had to retain legal counsel to vindicate his rights under the ADA, Plaintiff is also entitled to an award of attorney fees and costs of court.

### Administrative Prerequisites

18. Plaintiff dual-filed his charge of discrimination and retaliation with the Equal Employment Opportunity Commission and the Texas Workforce Commission—Civil Rights Division on March 29, 2022. The EEOC issued a right to sue letter on October 20, 2022. Plaintiff now timely files this action.

**Second Cause of Action: Unpaid Overtime in Violation of Fair Labor Standards Act**

19. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 supra.

20. Defendant is an employer within the meaning of the FLSA. Defendant is subject to FLSA enterprise coverage because, at all times relevant to this lawsuit, employed two or more employees, has gross annual sales in excess of $500,000 per year, and engaged in commerce by, among other things, ordering and using supplies from out-of-state, accepting payments from out-of-state banks, and processed credit card payments based on credit cards issued by out-of-state banks.

21. Plaintiff was at all times relevant to this lawsuit a non-exempt employee paid on an hourly basis. Plaintiff was paid at the rate of $20.00 per hour. Although Plaintiff worked substantial amounts of overtime each workweek, Defendant failed to pay him for all hours worked, including overtime hours. In fact, Defendant wholly refused to pay any overtime hours to Plaintiff and instead would pay Plaintiff and other employees only for forty hours. The records prepared by Defendant indicating the hours worked by Plaintiff and others were inaccurate and did not reflect the true hours worked. When Plaintiff approached his manager regarding the failure to pay for hours worked over forty, the manager's was response was that this was the way that it is. As such, Plaintiff is owed wages, including the overtime premium, for those hours worked for which Plaintiff was not paid. Plaintiff also seeks an equal amount in liquidated damages.

**Jury Demand**

21. Plaintiff demands a trial by jury.

## Conclusion and Prayer

22. Plaintiff prays that upon final judgment he be awarded the following:

a. Lost wages and benefits in the past and in the future;

b. Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, damage to reputation; and loss of enjoyment of life;

c. Unpaid overtime compensation and an equal amount in liquidated damages;

d. Exemplary damages;

e. Attorney fees;

f. Costs of court;

g. Pre- and post-judgment interest; and

h. All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Michael V. Galo, Jr.*
Michael V. Galo, Jr.
State Bar No. 00790784
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF